■ LEON A. BARNHART, Appellant, v BOSS LINCO LINES, INC., Respondent. — Appeal (1) from an order of the Supreme Court at Special Term (Harlem, J.), entered October 2, 1981 in Broome County, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment, and (2) from the judgment entered thereon. On March 2, 1977, during the course of his employment as a truck driver for defendant, plaintiff was injured in an automobile accident with another vehicle. Defendant was a self-insurer for both workers' compensation and no-fault insurance. Plaintiff thereafter received workers' compensation benefits and first-party no-fault benefits from defendant and instituted a civil action against the other vehicle's owner and driver. In September, 1980, plaintiff

obtained a judgment for $126,317.05 in said action and later received an additional $5,000 in settlement of the appeal he took to this court. A workers' compensation lien against the proceeds of the third-party action (Workers' Compensation Law, § 29, subd 1) was established as $24,847.91. On January 23, 1981, plaintiff satisfied this lien in full by payment of $16,565.27 to defendant, this lesser amount reflecting the equitable apportionment of attorneys' fees and expenses allowed under subdivision 1 of section 29 of the Workers' Compensation Law. On the same day, plaintiff satisfied the workers' compensation lien he also requested, pursuant to 11 NYCRR 65.6 (p) (5) (ii), that he be made whole by defendant's payment of $20,479.91, an amount previously offset by defendant in its payment of first-party no-fault benefits (see Insurance Law, § 671, subd 2, par [b]). Subsequently, on February 19, 1981, defendant, relying on amended clause (a) of 11 NYCRR 65.6 (p) (5) (ii) (eff Jan. 5, 1981) paid plaintiff only $16,565.27, said sum representing the net amount of the satisfied compensation lien. Plaintiff, relying on former clause (a) of 11 NYCRR 65.6 (p) (5) (ii), served the subject complaint seeking an additional $3,914.64, said sum constituting the difference between the $20,479.91 offset taken by defendant as the no-fault insurer and the net amount of $16,565.27 paid by plaintiff to satisfy the workers' compensation lien. Following service of an answer, both parties moved for summary judgment. Special Term granted defendant's motion and this appeal ensued. The sole issue upon appeal is whether present clause (a) (eff Jan. 5, 1981) or former clause (a) (eff April 29, 1980) of 11 NYCRR 65.6 (p) (5) (ii) is the operative regulation. 11 NYCRR 65.6 (p) (5) (ii) provides that once a plaintiff satisfies the workers' compensation lien from the proceeds of his recovery in the third-party action and notifies the no-fault insurer of such satisfaction, the no-fault insurer must then make the claimant whole by paying him certain moneys it previously offset as amounts recoverable under the Workers' Compensation Law (see Insurance Law, § 671, subd 2, par [b]). Present clause (a) of 11 NYCRR 65.6 (p) (5) (ii), applicable to the processing of claims for first-party benefits on and after January 5, 1981, expressly provides that, in circumstances such as those present here, "[t]he amount owed to the claimant is the net amount of the satisfied [workers' compensation] lien". Here, that amount would total $16,565.27. Former clause (a) of 11 NYCRR 65.6 (p) (5) (ii) provides that the claimant would be entitled to the gross monetary amount offset by the no-fault insurer. Here, that amount would total $20,479.91. Pursuant to 11 NYCRR 65.6 (p) (5) (ii), plaintiff could not properly have applied for the additional first-party benefits sought here until he satisfied the workers' compensation lien. As plaintiff both satisfied the lien and applied for the additional first-party benefits on January 23, 1981, present clause (a) of 11 NYCRR 65.6 (p) (5) (ii) is the operative provision, it applying to claims for additional first-party benefits made on and after January 5, 1981. Order and judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Yesawich, Jr., JJ., concur.